[No. 16021. Department Two. November 17, 1920.]

C. R. STOLZE, *Respondent,* v. IDA M. STOLZE, *Appellant.*[1]

DIVORCE (7, 36)—CRUELTY—EVIDENCE—SUFFICIENCY. A divorce is properly granted upon the ground of cruelty where, during the absence of plaintiff in the East, his wife, who was much younger than he was, instituted actions subjecting his property to her own use, and needlessly sold and destroyed valuable personal property in his home, causing the plaintiff mental suffering.

SAME (33)—JURISDICTION—RESIDENCE OF PLAINTIFF—EVIDENCE—SUFFICIENCY. Findings that plaintiff in a divorce action was a *bona fide* resident of the state for more than one year just prior to the action are supported by proof that he had resided in the state and worked steadily at one place for seventeen years, that he was out of the state temporarily seven months for his health, and immediately resumed his former employment upon his return.

SAME (78)—DISPOSITION OF PROPERTY—JURISDICTION—PENDING ACTIONS—DECREE. The court has jurisdiction to grant a divorce, notwithstanding actions between the husband and wife relating to property rights pending on appeal to the supreme court, where defendant's rights were preserved by reserving to her the right to apply for an equitable division of the property rights after disposal of the cases on appeal.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 17, 1920, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Affirmed.

[1]Reported in 193 Pac. 213.

*P. L. Pendleton,* for appellant.

*Thomas MacMahon* and *Guy E. Kelly,* for respondent.

MITCHELL, J.—The plaintiff brought this action against his wife for divorce upon the ground of cruelty. She answered, resisting the complaint. A trial was had which resulted in findings against her. The court concluded plaintiff was entitled to a decree of divorce and entered a decree accordingly, from which the defendant has appealed.

First, it is claimed by the appellant that the amended complaint, upon which the action was tried, did not state a cause of action, and that a demurrer thereto should have been sustained. An examination of the complaint shows it to be entirely sufficient in stating a cause of action.

The principal contention in the trial court and on the appeal is that the evidence does not warrant the granting of a decree of divorce. The cruelty charged consisted of unwarranted conduct on the part of the appellant causing the respondent severe mental suffering. The testimony is lengthy and, as we view the matter, a detailed discussion of it can serve no useful purpose. It is enough to say there is considerable difference in the ages of the parties. He was a widower with three children. They were married in September, 1916. At the time of marriage, they planned to keep the two youngest children in the family. The oldest child, a girl, had married. Unquestionably the two youngest children, boys of eleven and fourteen years of age, respectively, at that time, were the cause of much of the trouble between the parties. It is claimed, and the court found that, because of appellant's conduct, the older boy ran away from home and joined the

United States army, and that it was necessary for the father to take the younger boy to live with relatives in the state of Wisconsin. On the trip to Wisconsin, respondent spent some months with his relatives and in traveling in other sections of the East and South. It appears that, during his absence, the appellant instituted actions and recovered judgments subjecting considerable real property or real estate contracts she claimed he had interests in, to her own use and benefit, and needlessly sold the household furniture and willfully destroyed some valuable articles of personal property in the home. Upon reciting somewhat in detail the misconduct of the appellant, the trial court, among other things, found "that by reason thereof plaintiff became sick and highly nervous, and came to believe that the defendant did not love him, but had married him solely to enjoy the fruits and income of his property, and with the deliberate intention of driving his children out of the home, and plaintiff entirely lost his love and affection for defendant." An examination of the evidence shows that, while considerable of respondent's testimony is disputed, much of it is not, and that, altogether, it fully sustains and justifies the conclusions and decree of the trial court.

It is further contended the respondent had not been a resident of this state continuously for one year prior to the commencement of this action. This contention is based upon the fact that, after the respondent went to Wisconsin in December, 1918, he remained out of this state until August, 1919. There is ample evidence to show respondent had worked steadily at one place for seventeen years in Tacoma, and that, upon his return from Wisconsin, he immediately continued the same employment; that he left his home comfortably furnished and supplied; that he remained away only

temporarily, seeking recovery from the sick and nervous condition caused by his wife's misconduct; and that it was his constant intention to make Tacoma his home. The findings of the trial court that the respondent was and had been a *bona fide* resident of Tacoma, Washington, for more than a year just prior to the institution of the action is supported, in our opinion, by a preponderance of the evidence. *Summerville v. Summerville,* 31 Wash. 411, 72 Pac. 84.

Finally, it is argued that the trial court erroneously proceeded with the trial and disposition of the case while certain property rights of the parties were otherwise in the course of litigation. Upon his return from Wisconsin, the respondent promptly commenced proceedings in the superior court in the several actions relating to real estate or real estate contracts wherein Mrs. Stolze had recovered judgment during his absence, seeking to have the judgments cancelled and set aside. His several applications to cancel the judgments had been denied by the trial court and appeals taken to this court, wherein they were pending at the time of the trial of the divorce action. We notice, however, appellant's rights are fully protected in this particular. The court made specific findings concerning the subject-matter of those cases and of the appeals therein; concluded to reserve to appellant the right to apply, if need be, to the trial court for a just and equitable division of property rights after the disposal of the cases on appeal; and in the decree of divorce provided: ''The said question of said property being now on appeal to the supreme court and now pending therein, that the defendant shall have the right to apply to this court for a just and equitable share thereof, and attorney's fees; jurisdiction of this court herein for

such purpose being expressly reserved.'' This, we think, was sufficient to fully protect appellant.

Finding no error in the course of the case in the trial court, the judgment is affirmed.

HOLCOMB, C. J., MOUNT, MAIN, and TOLMAN, JJ., concur.